IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| ELIZABETH WANKE, *et al.*, | : Case No. 1:22-cv-718 |
| Plaintiffs, | : Judge Matthew W. McFarland |
| v. | : |
| UNITED GUARANTY SERVICES, INC. d/b/a ARCH FULFILLMENT SERVICES, | : |
| Defendant. | : |

## ORDER AND OPINION

This matter is before the Court on Plaintiffs' Motion for Default Judgment (Doc. 4), which was filed contemporaneously with Plaintiffs' Application to Clerk for Entry of Default against Defendant (Doc. 5) on January 26, 2023. The Clerk properly entered default against Defendant on January 27, 2023. (*See* Clerk's Entry of Default, Doc. 6.)

A party seeking default judgment must first file an application for entry of default with the clerk of a district court. *See Heard v. Caruso*, 351 Fed. Appx. 1, 15 (6th Cir. 2009); *see also* Fed. R. Civ. P. 55. Once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party. *Id.* That is to say, a clerk's entry of default must precede an application to the district court judge for an entry of default judgment. *See, e.g., Ramada Franchise Sys., Baroda Enters., LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004). Plaintiffs' Motion for Default Judgment (Doc. 4) was filed before the Clerk's Entry of Default (Doc. 6) and is, therefore, premature.

Accordingly, the Court **ORDERS** the following:

1. Plaintiffs' Motion for Default Judgment (Doc. 4) is **DENIED** as premature.

2. As the Clerk entered default against Defendant on January 27, 2023, Plaintiffs are granted leave to re-file their motion for default judgment within fourteen (14) days of this Order.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND